**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LUIS A. RODRIGUEZ, on behalf of himself and others similarly situated,

                Plaintiffs,

-against-

CALVIN KLEIN, INC., and PVH CORPORATION,

                Defendants.

Civ. No. 1:15-cv-02590-JSR

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO CLASS**

---

The Court, having reviewed the Settlement Agreement entered into by the parties, hereby Orders that:

1. The Court provisionally certifies a class for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3), as follows: all applicants for employment to Van Heusen, Izod, G.H. Bass and Calvin Klein retail stores or warehouses not owned or operated by CKI who were the subject of a consumer report that was used by Defendant in connection with an adverse employment decision regarding such applicants for employment from April 3, 2010 through May 11, 2015 for whom Defendants did not provide that applicant a copy of their consumer report at least five business days before it took such adverse action and a copy of the FCRA summary of rights at least five business days before it took such adverse action.

2. Excluded from the Class are: all persons who submit timely and valid requests to be excluded from the Class pursuant to the terms of the Settlement Agreement and this Order; all current and former employees, officers, directors, legal representatives, and agents of the

Defendants; and, the Judge to whom this case is assigned and any member of the Judge's immediate family.

3. The Settlement Agreement entered into between the Plaintiff Luis A. Rodriguez and Defendants Calvin Klein, Inc. and PVH Corporation as of October 21, 2015, appears, upon preliminary review, to be fair, reasonable, and adequate to the Class. Accordingly, the proposed settlement is preliminarily approved, pending a fairness hearing as provided for herein.

4. The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes.

5. Pursuant to Fed. R. Civ. P. 23, Plaintiff Luis A. Rodriguez is approved as Class Representative. This Court appoints the firms of Francis & Mailman, P.C. and the Law Office of Adam G. Singer as Class Counsel.

6. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on Thursday, February 11, 2016 in Courtroom 14B, United States Courthouse, 500 Peal Street, New York, NY 10007, at 5 p.m. for the following purposes:

(a) To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

(b) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(c) To determine whether a final judgment should be entered dismissing the claims of the Class;

(d) To consider the application of Class Counsel for an award of attorneys' fees and expenses, and for individual settlement and service awards to the Class Representative; and

(e) To rule upon other such matters as the Court may deem appropriate.

2

7. Within seven (7) days of the entry of this Order, Defendants shall provide the Settlement Administrator with the Class List in readable and searchable electronic form. The Settlement Administrator shall proceed with the notice plan as set forth in the Settlement Agreement.

8. Within ten (10) business days of the Effective Date, Defendants shall transfer to the Settlement Administrator, by draft or by wire, the sum of one million, thirteen thousand four hundred dollars ($1,013,400) to create the Settlement Fund.

9. The Court finds that the manner of giving notice set forth in the parties' Settlement Agreement fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. The Settlement Administrator shall file, no later than fifteen (15) business days before the Final Approval Hearing, proof of mailing of notice and of the establishment and maintenance of the settlement website.

11. If a Class Member chooses to opt-out of the Class, such Class Member is required to submit a written and signed exclusion request to the Settlement Administrator, post-marked on or before the date specified in the Notice. A Class Member who submits a timely and valid exclusion request using the procedure identified in the Settlement Agreement shall be excluded from the Class for any and all purposes. At or before the Final Approval Hearing, Class Counsel and Defendants' Counsel will report the names of all people who have timely excluded themselves from the Settlement.

12. A Class Member who does not file a timely and valid exclusion request shall be bound by all subsequent proceedings, orders, and judgments in the litigation. Prior to the date of

3

the Final Approval Order, the Court may permit a Class Member who has filed a timely and valid exclusion request to withdraw such exclusion request and to participate in the Settlement Agreement as if such exclusion request had never been made.

13.   A Class Member may object to the settlement. To exercise this objection right, the Class Member must provide written notice of the objection via first class mail to the Clerk of Court, Class Counsel, and Defendants' Counsel. For an objection to be considered by the Court, the objection must be postmarked no later than the last day of the opt-out period, as specified in the Notice. For an objection to be considered by the Court, the objection must also set forth:

(a)   the name of the litigation;

(b)   the objector's full name, address and telephone number;

(c)   a detailed statement of each objection asserted, including the grounds for objection and all relief sought;

(d)   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

(e)   any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

(f)   the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(g)   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

(h)   the objector's signature (an attorney's signature is not sufficient).

14. The right to object must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

15. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award of attorney's fees and expenses, shall be filed not later than ten (10) days before the Final Approval Hearing.

16. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
HON. JED RAKOFF
UNITED STATES DISTRICT JUDGE

Dated: 11/5/15

5