UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS A. RODRIGUEZ, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>  -against-<br><br>CALVIN KLEIN, INC., and<br>PVH CORPORATION,<br><br>        Defendants. | Civ. No. 1:15-cv-02590-JSR |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES**

**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS (*pro hac vice*)
JOHN SOUMILAS (*pro hac vice*)
DAVID A. SEARLES (*pro hac vice*)
LAUREN KW BRENNAN (*pro hac vice*)
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110


**LAW OFFICE OF ADAM G. SINGER, PLLC**
ADAM G. SINGER
60 E. 42nd Street, Suite 4600
New York, NY 10165

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. PROCEDURAL HISTORY ................................................................................................2

III. CLASS COUNSEL'S FEE REQUEST SHOULD BE APPROVED
AS FAIR AND REASONABLE ........................................................................................2

    A. The Fee Requested Is Reasonable Under A Percentage Of Recovery Analysis ......4

        1. The Time And Labor Expended By Counsel ..................................................5

        2. The Risks Of The Litigation ............................................................................5

        3. The Magnitude And Complexity Of The Litigation .......................................6

        4. The Quality Of The Representation ................................................................7

        5. Public Policy Considerations ...........................................................................7

    B. A Lodestar Analysis Confirms That The Fee Requested Is Reasonable .................8

        1. Hours Expended ...............................................................................................8

        2. Hourly Rates ....................................................................................................9

    C. Class Counsel's Expenses Are Reasonable And Should Be Reimbursed .............12

    D. The Absence Of Objections Reinforces The Fairness Of The Request Award .....12

IV. CONCLUSION .................................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Barel v. Bank of Am.*,
    255 F.R.D. 393 (E.D. Pa. 2009) .................................................................................................. 3

*Beckman v. KeyBank, N.A.*,
    293 F.R.D. 467 (S.D.N.Y. 2013) ............................................................................................... 11

*Blum v. Stenson*,
    465 U.S. 866 (1974) ................................................................................................................ 4, 9

*Bryant v. TRW, Inc.*,
    689 F.2d 72 (6th Cir. 1982) ........................................................................................................ 7

*Chakejian v. Equifax Info. Servs.*,
    275 F.R.D. 201 (E.D. Pa. 2011) .................................................................................................. 3

*Chatelain v. Prudential-Bache Sec.*,
    805 F. Supp. 209 (S.D.N.Y. 1992) ............................................................................................. 6

*City of Burlington v. Dague,*
    505 U.S. 557 (1992) ................................................................................................................... 7

*City of Detroit v. Grinnell Corp.*,
    495 F.2d 448, 470 (2d Cir. 1974) ............................................................................................... 5

*Cortez v. Trans Union, LLC*,
    617 F.3d 688 (3d Cir. 2010) ....................................................................................................... 7

*Elliot v. Leatherstocking Corp.*,
    No. 10-cv-0934, 2012 WL 6024572 (S.D.N.Y. Dec. 4, 2012) ................................................... 4

*Giddiens v. LexisNexis Risk Solutions, Inc.*,
    No. 2:12-cv-02624-LDD, Doc. 56 (E.D. Pa. Jan. 20, 2015) ...................................................... 9

*Goldberger v. Integrated Resources, Inc.*,
    209 F.3d 43 (2d Cir. 2000) ............................................................................................ 3, 5, 7, 11

*Henderson v. Acxiom Risk Mitigation, Inc.*,
    No. 12-589, Doc. 116 (E.D. Va. Aug. 4, 2015) ......................................................................... 4

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................................................ 8, 9

*In re Am. Bank Note Holographics, Inc.*,
    127 F. Supp. 2d 418 (S.D.N.Y. 2001) ..................................................................................... 4, 5

*In re Brown Co. Sec. Litig.*,
    355 F. Supp. 574 (S.D.N.Y. 1973) ............................................................................................. 6

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    No. 02-cv-3400, 2010 WL 4537550 (Nov. 8, 2010) .................................................................. 6

*In re Ikon Office Solutions, Inc. Sec. Litig.*,
    194 F.R.D. 166 (E.D. Pa. 2000) .................................................................................. 11

*In re Imax Sec. Litig.*,
    No. 06-cv-6128, 2012 WL 3133476 (S.D.N.Y. Aug. 1, 2012) ............................................ 3

*In re Indep. Energy Holdings PLC Sec. Litig.*,
    302 F. Supp. 2d 180 (S.D.N.Y. 2003) .............................................................................. 12

*In re Prudential Sec. Ltd. P'ships Litig.*,
    985 F. Supp. 410 (S.D.N.Y. 1997) ..................................................................................... 5

*In re Veeco Instruments Inc. Sec. Litig.*,
    No. 05-MDL-1695, 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ...................................... 11

*In re Visa Check/Mastermoney Antitrust Litig.*,
    297 F. Supp. 2d 503 (E.D.N.Y. 2003) ................................................................................ 3

*Jin v. Pacific Buffet House, Inc.*,
    No. 06-cv-579, 2010 WL 2653334 (E.D.N.Y. June 25, 2010) ............................................ 9

*King v. General Info. Servs., Inc.*,
    No. 2:10-cv-06850-PBT, Doc. 126 (E.D. Pa. Nov. 4, 2014) ............................................... 9

*Manuel v. Wells Fargo Bank, Nat. Ass'n*,
    ___ F. Supp. 3d ___, 2015 WL 4994538 (E.D. Va. Aug. 19, 2015) ................................... 7

*Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*,
    No. 06-cv-4270, 2009 WL 5851465 (S.D.N.Y. Mar. 31, 2009) .......................................... 4

*Perry v. Fleet Boston Financial Corp.*,
    229 F.R.D. 105 (E.D. Pa. 2005) ......................................................................................... 3

*Reibstein v. Rite Aid Corp.*,
    761 F. Supp. 2d 241 (E.D. Pa. 2011) ................................................................................. 3

*Robinson v. General Info. Servs., Inc.*,
    No. 2:11-cv-07782-PBT, Doc. 57 (E.D. Pa. Nov. 4, 2014) ................................................. 9

*Sholinsky v. Frost-Arnett Company*,
    No. 1:14-cv-7889, Doc. 33 (D.N.J. Jan. 19, 2016) ............................................................. 9

*Thomas v. Backgroundchecks.com*,
    No. 13-29, Doc. 114 (E.D. Va. Aug. 5, 2015) .................................................................... 4

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) ................................................................................................. 3

*White v. Experian Info. Solutions,*
    No. 05-01070, 2014 WL 1716154 (C.D. Cal. May 1, 2014) ............................................. 10

**STATUTES**

15 U.S.C. § 1681n(a)(3) ........................................................................................................ 2, 7

15 U.S.C. § 1681o(a)(2) ........................................................................................................ 2, 7

**RULES**

Fed. R. Civ. P. 23(h) ................................................................................................................ 2

**OTHER**

7B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane,
  *Federal Practice and Procedure §* 1 803, at 325 (3d ed. 2005) .......................................... 2

Posner,
  *Economic Analysis of Law*, 534, 567 (4th ed. 1992) ............................................................ 11

Third Circuit Task Force Report,
  *Court Awarded Attorney Fees, Report of the Third Circuit Task Force*,
  108 F.R.D. 237 (1985) ........................................................................................................ 3

I. **INTRODUCTION**

Plaintiff Luis A. Rodriguez, (the "Representative Plaintiff"), by the undersigned counsel, petitions this Court for approval of an award of attorneys' fees and reimbursement of litigation expenses in accordance with the Settlement Agreement in this matter, preliminarily approved by Court Order entered November 18, 2015 (Doc. 23) and now pending final approval.

Class Counsel have devoted their time, skill, and resources to this matter wholly contingent upon a successful outcome, taking significant risks to obtain the result for the Class. Their efforts have achieved a successful outcome and have resulted in settlement benefits for the Class, consisting of an economic value of $1,013,400.00. Furthermore, directly as a result of the lawsuit, Defendants have made changes to their policies and procedures for notifying consumer job applicants about the results of consumer reports obtained for employment purposes.

In addition to funds paid to the Class under the Settlement Agreement, Defendants have agreed to pay Plaintiff's reasonable attorneys' fees, costs and out-of-pocket expenses not in excess of $282,000.00 as awarded by this Court; have separately funded the costs of notice and settlement administration; and, subject to court approval, have agreed to an individual settlement award to the Representative Plaintiff in the amount of $15,000. *See* Doc 22-1 at sections 6.2, 6.3, 6.7.

Class Counsel now, as compensation for their achievement and effort, and for accepting the risk that there would be no recovery if they were not successful, request the Court approve the portion of the settlement providing for attorneys' fees of and costs. Plaintiff seeks approval of fees and costs in the amount of $282,000.00. This figure represents 28% of the total Settlement Fund. Given counsel's lodestar of $279,851.50, as well as the $19,848.02 in unreimbursed costs and expenses, the award sought here is actually 6% less than the total amount of fees and costs in this litigation.

1

As detailed below, Class Counsel's efforts and risks clearly justify the requested award of fees and reimbursement of expenses. In support of their application approving payment for fees and reimbursement of costs and expenses, Class Counsel relies upon the Declarations of counsel summarizing Class Counsel's time and the expenses incurred on behalf of the Plaintiff and Class. *See* Declaration of John Soumilas ("Soumilas Dec."); Declaration of Adam G. Singer ("Singer Dec.").

The reaction of the Class supports the request for fees and expenses. The Notice provided to Class members expressly informed them that Class Counsel would apply for an award of attorneys' fees and costs not to exceed $282,000.00. To date, no Class member has objected to the fee requested, which evidences both a satisfactory result and a reasonable fee.

## II.     PROCEDURAL HISTORY

The settlement in this matter is the result of significant discovery, litigation and settlement negotiations. This case was undertaken and pursued on a contingent basis and represented a significant financial risk for Class Counsel.

A detailed recitation of the background and procedural history of the case is set forth in Plaintiff's Motion for Final Approval of Class Action Settlement, filed contemporaneously herewith.

## III.    CLASS COUNSEL'S FEE REQUEST SHOULD BE APPROVED AS FAIR AND REASONABLE

Federal Rule of Civil Procedure 23(h) provides: "In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." The FCRA is a fee-shifting statute that mandates the award of attorney's fees and costs to a prevailing party. 15 U.S.C. § 1681n(a)(3), 1681o(a)(2). "The court's authority to reimburse the representative parties...stems from the fact that the class-action device is a creature

of equity and the allowance of attorney-related costs is considered part of the historic equity power of the federal courts." 7B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 1 803, at 325 (3d ed. 2005).

There are two typical methods of calculating attorneys' fees in class actions – the percentage of recovery method and the lodestar method. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). The lodestar method is commonly applied in statutory fee-shifting cases such as the FCRA. *Chakejian v. Equifax Info. Servs.*, 275 F.R.D. 201, 216 (E.D. Pa. 2011), relying on *Reibstein v. Rite Aid Corp.,* 761 F. Supp. 2d 241, 259-60 (E.D. Pa. 2011) ("[B]ecause the damages provision of the FCRA includes such a mechanism for attorneys' fees, courts evaluating attorneys' fees following settlements of FCRA actions have often employed the lodestar method."); *Barel v. Bank of Am.,* 255 F.R.D. 393, 403 (E.D. Pa. 2009); *Perry v. Fleet Boston Financial Corp*., 229 F.R.D. 105, 120-21 (E.D. Pa. 2005). However, the percentage-of-recovery method is also relevant. *Reibstein*, 761 F. Supp. 2d at 259–60. Fee shifting or statutory fee cases provide for mandatory attorneys' fees, thereby penalizing the defendant and rewarding plaintiff counsel for socially beneficial litigation.

The lodestar method, however, has "proved vexing" in some cases, resulting in the recommended use of the percentage of recovery method typical to common fund cases. *See Goldberger*, 209 F.3d at 48, 49; Third Circuit Task Force Report, *Court Awarded Attorney Fees, Report of the Third Circuit Task Force*, 108 F.R.D. 237 (1985) (recognizing shortfalls of the lodestar method and recommending use of percentage method). District courts within this Circuit typically use the percentage of recovery method. *See In re Imax Sec. Litig.*, No. 06-cv-6128, 2012 WL 3133476, at *5 (S.D.N.Y. Aug. 1, 2012) ("'the percentage method continues to be the trend of district courts in th[e Second Circuit]'") (citation omitted); *In re Visa Check/Mastermoney*

3

*Antitrust Litig.,* 297 F. Supp. 2d 503, 520 (E.D.N.Y. 2003) (trend in this Circuit is to award attorneys' fees using the percentage method), *aff'd sub nom. Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d 96 (2d Cir. 2005). Additionally, two recent FCRA class settlements applied the percentage of recovery approach. In *Henderson v. Acxiom Risk Mitigation, Inc*., No. 12-589 (E.D. Va. Aug. 4, 2015) (Doc. 116), the court approved an award of fees of 30% of the $20.8 million settlement fund, the equivalent of a 3.05 multiplier of counsel's lodestar. In *Thomas v. Backgroundchecks.com*, No. 13-29 (E.D. Va. Aug. 5, 2015) (Doc. 114), the court approved a fee of 28.9% of an $18 million settlement fund.

The fee requested by Class Counsel here is reasonable under both the percentage of recovery analysis and under the lodestar method.

A.  **The Fee Requested Is Reasonable Under A Percentage Of Recovery Analysis**

The U.S. Supreme Court has observed that "[i]n the calculation of attorney's fees under the 'common fund doctrine,' . . . a reasonable fee is based on a percentage of the value or benefit bestowed on the class." *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1974). The percentage approach directly aligns the interests of counsel and the class, and recognizes that the quality of counsel's service is best measured by the results achieved, "serv[ing] as a proxy for the market in setting counsel fees." *In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 432 (S.D.N.Y. 2001); *Elliot v. Leatherstocking Corp.*, No. 10-cv-0934, 2012 WL 6024572, at *5 (S.D.N.Y. Dec. 4, 2012).

On a percentage basis, the $282,000.00 award requested, which includes both fees and costs, constitutes only 28% of the Settlement Fund, and is actually lower than other percentage fee

4

awards within the Second Circuit.[1] *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06-cv-4270, 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (collecting cases awarding approximately 33%).

In addition to the percentage of recovery, there are five traditional factors to be considered when determining attorney fee awards, including those calculated using a percentage-of-recovery method, reflect a reasonable fee: (1) the time and labor expended by counsel; (2) the risks of the litigation; (3) the magnitude and complexity of the litigation; (4) the quality of the representation; and (5) public policy considerations. *Goldberger*, 209 F.3d at 50. Analysis of these factors demonstrates that the requested fee is fair and reasonable.

### 1. The Time And Labor Expended By Counsel

As set forth in more detail below, in connection with the lodestar cross-check, Class Counsel have expended substantial time and effort in a relatively compressed time frame pursuing this action on behalf of the Class. Since its inception, Plaintiff's counsel and their paraprofessionals have devoted 556.50 hours to this action. The time and effort devoted to this case by Class Counsel confirm that the request for fees and costs in the amount of 28% of the Settlement Fund is reasonable.

### 2. The Risks Of The Litigation

In addition to the litigation risks of establishing liability and damages, set forth in detail in Plaintiff's contemporaneously-filed Motion for Final Approval of Class Action Settlement at sections III.B.4-6, Class Counsel undertook this case on an entirely contingent basis. The Second

---

[1] In fact, given the $19,848.02 in costs in this case, discussed in more detail below, the attorneys' fees in this case represent only 26% of the value of the Settlement Fund.

Circuit has recognized that the risk associated with a case undertaken on a contingent fee is an important factor in determining an appropriate fee award:

> "No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success. Nor, particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended."

*City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 470 (2d Cir. 1974) (citation omitted). *Am. Bank Note,* 127 F. Supp. 2d at 433 (concluding it is "appropriate to take this [contingent fee] risk into account in determining the appropriate fee to award"); *In re Prudential Sec. Ltd. P'ships Litig.,* 985 F. Supp. 410, 417 (S.D.N.Y. 1997) ("Numerous courts have recognized that the attorney's contingent fee risk is an important factor in determining the fee award.").

Class Counsel undertook this action on a wholly contingent basis, investing substantial time and money to prosecute the case without a guarantee of compensation or even recovery of out-of-pocket expenses. Class counsel have not been compensated for any time or expenses since this case began, and would have received no compensation had the case been unsuccessful.

The reasonableness of the requested fee is supported by the risks undertaken by Class Counsel in prosecuting this action, as well as the litigation risks faced throughout.

### 3.     The Magnitude And Complexity Of The Litigation

The complexity of the litigation is another factor examined by courts evaluating the reasonableness of attorneys' fees requested by class counsel. *See Chatelain v. Prudential-Bache Sec.,* 805 F. Supp. 209, 216 (S.D.N.Y. 1992). As described in greater detail in the contemporaneously-filed Motion for Final Approval, this action involved difficult and complex issues which Class Counsel undertook on a contingent basis. Counsel conducted thorough written discovery, participated in six depositions, and vigorously negotiated settlement of this matter. Defendants, who were represented by experienced and qualified attorneys, have vigorously

opposed Plaintiff's claims in this matter. *See In re Brown Co. Sec. Litig.*, 355 F. Supp. 574, 592-93 (S.D.N.Y. 1973) (standing of opposing counsel underscores complexity of litigation and challenges faced by class counsel). This case involves potentially complicated issues of liability and damages which, if pursued, would involve further protracted litigation and possibly trial.

### 4. The Quality Of The Representation

The quality of the representation by Class Counsel and their standing at the bar are important factors that support the reasonableness of the requested fee. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-cv-3400, 2010 WL 4537550, at *28 (Nov. 8, 2010). Counsel have a wide range of experience in consumer class action litigation, as evidenced by the information set forth in their Declarations, attached hereto. As set forth therein, counsel have been certified to represent consumer classes many times, by this Court and others, which is testament to their skill, expertise and reputation.

### 5. Public Policy Considerations

The Fair Credit Reporting Act is remedial in nature, and to effectuate its purpose of protecting investors, it provides for attorneys' fees as a result of the legislation's intent to encourage attorneys to take small claims in order to serve the important public policy behind the statute. 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2). *See also Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (FCRA is remedial statute with consumer-oriented objectives). Indeed, there is no doubt that the fee-shifting provisions of the FCRA were enacted as an additional method of enforcement, by encouraging private attorneys to bring lawsuit, a method known as the "private attorney general concept." *Bryant v. TRW, Inc.*, 689 F.2d 72, 79-80 (6th Cir. 1982) (stating that "[w]e have no doubt" that Congress intended to make use of the private attorneys-general concept by including fee shifting provisions in the FCRA); *Manuel v. Wells Fargo Bank, Nat. Ass'n*, ___ F. Supp. 3d ___, 2015 WL 4994538, at *7 (E.D. Va. Aug. 19, 2015).

Because the remedial purpose the FCRA is better served, and society as a whole benefited, from strong advocacy on behalf of consumers, public policy favors the granting of this fee and expense application.

**B.**      **A Lodestar Analysis Confirms That The Fee Requested Is Reasonable**

To ensure the reasonableness of a fee awarded under the percentage method, a district court may cross-check the proposed award against counsel's lodestar. *Goldberger*, 209 F.3d at 50.  The number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate is strongly presumed to yield a reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992). The lodestar for counsel here as described in counsel's Declarations is $279,851.50, reflecting 556.50 hours of attorney and paralegal time. *See* Soumilas Dec. at ¶ 7, Singer Dec. at Exhibit 1.

**1.**      **Hours Expended**

The attorneys, paralegals, and staff at Francis & Mailman, P.C. and the Law Office of Adam G. Singer, PLLC who worked on this case all kept detailed, contemporaneous time records of tasks completed, the date the work was completed, and specifying the nature of the work. Soumilas Dec. at ¶¶ 3-4; Singer Dec. at ¶¶ 4-5.  In support of this motion, Plaintiff's counsel submits a detailed breakdown of the nature of work performed in this case, the attorney performing the work, the amount of time spent, and the hourly rate charged for the tasks.  Soumilas Decl. at ¶ 4 and Exhibit 1 thereto; Singer Dec. at ¶ 5 and Exhibit 1 thereto.

This submission provides the necessary degree of specificity required in order to evaluate a fee petition. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, n.12 (1983) (noting that counsel are "not required to record in great detail how each minute of his time was expended," but should "identify the general subject matter of his time expenditures."). The declarations of counsel

8

submitted herewith also sets forth the basis for the division of labor among the attorneys and paralegals in an efficient manner. *See* Soumilas Dec. at ¶ 4 and Exhibit 1 thereto; Singer Dec. at ¶ 5 and Exhibit 1 thereto. There was no time for which compensation is now requested in this case that was "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433. All the time submitted was reasonably necessary to achieve the successful outcome for the Plaintiff and the Class.

### 2. Hourly Rates

The hourly rates charged for Plaintiff's counsel here are reasonable and appropriate in the New York City legal market and in light of counsel's qualifications and experience. *See* Soumilas Dec. at ¶¶ 5-6; Singer Dec. at ¶¶ 6-7. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (reasonable hourly rates are determined based upon the market rate "[p]revailing in the community for similar services of lawyers of reasonable comparable skill, experience, and reputation"); *Jin v. Pacific Buffet House, Inc.*, No. 06-cv-579, 2010 WL 2653334, at *1 (E.D.N.Y. June 25, 2010) (citing *Blum* and *Hensley*).

In support of the Soumilas Declaration and hourly rates charged, Plaintiff's counsel has submitted the July 1, 2014 expert report of Abraham C. Reich, Esquire, analyzing the standard hourly rates charged by Francis & Mailman, P.C., and finding that the rates charged are at or below the appropriate rates for attorneys with comparable experience within the Philadelphia legal market. *See* Soumilas Dec. at Exhibit 2.[2]

---

[2] Mr. Reich has practiced law for over 30 years, and as Co-Chair and Partner of his firm, he is particularly knowledgeable regarding the applicable Philadelphia market billing rates for civil litigation in the Eastern District of Pennsylvania, as he has had direct involvement in setting and establishing the hourly rates charged by the partners and associates of Fox Rothschild, LLP. Soumilas Dec. at Exhibit 2. Mr. Reich's analysis also accounts for the experience and specialization of Francis & Mailman attorneys in the practice of fair credit reporting litigation. *Id.*

9

Class Counsel's hourly rates have been approved by several courts in recent years. *Sholinsky v. Frost-Arnett Company*, No. 1:14-cv-7889 (D.N.J.) at Doc. 33 (Jan. 19, 2016 order granting fee request in full, approving hourly rates); *Robinson v. General Info. Servs., Inc.*, No. 2:11-cv-07782-PBT (E.D. Pa. Nov. 4, 2014) at Doc. 57 (Nov. 4, 2014 Order granting same); *King v. General Info. Servs., Inc.*, No. 2:10-cv-06850-PBT (E.D. Pa. Nov 4, 2014) at Doc. 126 (same); *Giddiens v. LexisNexis Risk Solutions, Inc.*, No. 2:12-cv-02624-LDD (E.D. Pa. Jan. 20, 2015) at Doc. No. 56 (same).

In order to account for differences between the legal markets of Philadelphia and New York City, the attorneys and paralegals of Francis & Mailman have increased their rates by 35%. This adjustment is reasonable in light of the differences in rates between attorneys within the Southern District of New York and Philadelphia attorneys reported in the 2014 National Law Journal Billing Survey, attached hereto as Exhibit 3 to the Soumilas Declaration. Of the eight Philadelphia-based firms, the average partner billing rate was $577, compared to $889 for partners in the twenty-eight participating New York City firms. For the same firms, associates in Philadelphia averaged a rate of $353 per hour, compared to $531 for associates in New York City. *See* Soumilas Dec. at ¶¶ 6(b)-(d). In both cases, Philadelphia rates are approximately 65% of the rates charged in New York City. In order to reflect this difference, the instant motion is based upon hourly rates of $634.50 for Mr. Soumilas, $783.00 for Mr. Francis, $945.00 for Mr. Searles, $634.50 for Mr. Geoffrey Baskerville, $337.50 for Ms. Danielle Spang, $270 for Ms. Brennan, and $222.75 for paralegals working on the case. Soumilas Dec. at ¶ 5. With respect to the Law Offices of Adam G. Singer PLLC, this motion is based upon Mr. Singer's standard hourly rate of $375.00 and $125.00 for paralegals working on the case. *See* Singer Dec. at ¶ 6.

There has not been any alteration or deviation from the firms' hourly rates to account for

the added complexity or increased risk factor of this action. The attorneys concentrate their practice in the area of consumer protection litigation, and Francis & Mailman has been recognized as FCRA specialists with substantial experience in class action litigation. *See, e.g. White v. Experian Info. Solutions,* No. 05-01070, 2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014) (finding Francis & Mailman "FCRA specialists" and appointing firm and its team as interim class counsel over objections from competing group because their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."). Class Counsel have described their experience in the Declarations of counsel and attachments, including a firm biography of Francis & Mailman. *See* Soumilas Dec. at Exhibit 5; Singer Dec. at Exhibit 2.

Furthermore, these fees are reasonable in light of the contingent nature of the fee agreement and the fact that none of Plaintiff's counsel has received any payment for their services. As Judge Posner of the Seventh Circuit Court of Appeals has observed:

> A contingent fee must be *higher* than the fee for the same legal services as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders, but also for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of a conventional loan.

Posner, *Economic Analysis of Law*, 534, 567 (4th ed. 1992) (emphasis added). A modest increase from counsel's lodestar is permissible in order to compensate for the contingent risk factor. *In re Veeco Instruments Inc. Sec. Litig.*, No. 05-MDL-1695, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007). Increases to the lodestar, also known as a "multiplier," are also intended to reflect counsel's performance. *Goldberger*, 209 F.3d at 47. Courts routinely award multipliers between two and six. *See Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481-82 (S.D.N.Y. 2013) (collecting cases). Here, Class Counsel's lodestar of $279,851.50 is nearly identical to the 28% fee and cost award requested. Taking into account unreimbursed expenses described below, the total

11

$282,000.00 award requested here is 94% of Class Counsel's lodestar and expenses incurred in this litigation.

The lodestar and any multiplier is to be used merely as a cross-check on reasonableness. *See In re Ikon Office Solutions, Inc. Sec. Litig.,* 194 F.R.D. 166, 196 (E.D. Pa. 2000) ("The court will not reduce the requested award simply for the sake of doing so when every other factor ordinarily considered weighs in favor of approving class counsel's request [for a percentage of the recovery]."). Class Counsel expended substantial time and effort prosecuting this action to a successful completion. The requested fee, therefore, is manifestly reasonable, whether calculated as a percentage of the fund or in relation to Class Counsel's lodestar.

**C.      Class Counsel's Expenses Are Reasonable And Should Be Reimbursed**

The efforts of Class Counsel have resulted in substantial common benefits to the class. In doing so, Class Counsel incurred out-of-pocket expenses in the aggregate amount of $19,848.02 for filing, depositions, travel, research and copying costs. *See* Soumilas Dec. at ¶ 9 and Exhibit 4. These costs are eminently reasonable in light of the nature of the action and the tasks that needed to be performed. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (award to class counsel may include reasonable out-of-pocket expenses necessary to the representation of the class).

**D.      The Absence Of Objections Reinforces The Fairness Of The Requested Award**

As indicated above, the notice disseminated to class members stated that Class Counsel would seek an award of the counsel fees and costs not in excess of $282,000.00 subject to Court approval. With the exception of the costs of notice and settlement administration costs paid by Defendants, costs and expenses were borne by Class Counsel to litigate this action. Out of all the Class members receiving notice, none have raised any objections. This lack of objections is a highly significant indicator of the reasonableness of the request for fees and expenses.

## IV.    CONCLUSION

Under all the circumstances existing here, the request for fees and costs is entirely reasonable. For all the foregoing reasons, Plaintiff requests that the Court award counsel their reasonable attorneys' fees and reimbursement of expenses in the total amount of $282,000.00.


Dated:   February 1, 2016                              Respectfully submitted,


              BY:     /s/  John Soumilas
                  JAMES A. FRANCIS (*pro hac vice*)
                  JOHN SOUMILAS (*pro hac vice*)
                  DAVID A. SEARLES (*pro hac vice*)
                  LAUREN KW BRENNAN (*pro hac vice*)
                  **FRANCIS & MAILMAN, P.C.**
                  100 South Broad Street, 19th Floor
                  Philadelphia, PA 19110
                  T: 215.735.8600
                  F: 215.940.8000

                  **LAW OFFICE OF ADAM G. SINGER, PLLC**
                  ADAM G. SINGER
                  60 E. 42nd Street, Suite 4600
                  New York, NY 10165
                  T: 212.842.2428
                  F: 212.658.9682

                  *Attorneys for Plaintiff and the Classes*